**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WANDA HUNT,**

      **Plaintiff,**

v.                                                    Case No. 8:09-cv-1922-T-27TBM

**MORTGAGE ELECTRONIC
REGISTRATION SERVICES, INC., et al.,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's **Application to Proceed Without Prepayment of Fees and Affidavit** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. While her affidavit indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when a petitioner "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "[petitioner's] realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a petitioner's claim for relief as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

2

Plaintiff, Wanda Hunt, filed a multi-count Complaint naming several corporate Defendants: Mortgage Electronic Registration System, Inc.; Nominee for Household Finance Corp. II now known as HSBC Mortgage Services; Bank of America, N.A., and Chicago Title Insurance Co. Additionally her Complaint named several Defendants both in their individual capacity and as employees of HSBC: Robert T. Jones, John Thompson, Scott Whitney, and Dana St. Clair. Lastly, she named Defendants Kim Perez, Jim Sanford, and Richard Healy, in their individual capacities. Her Complaint appears to arise out of the loss of her South Carolina home due to foreclosure and purports to allege causes of action against the Defendants for failure to file an assignment of mortgage, violation of "Real Estate Settlement Procedures Act," violation of the Fair Debt Collections Practices Act, violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, negligent and intentional infliction of emotional distress, and breach of fiduciary duty. (Doc. 1)

Upon my consideration, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to plead a short, concise statement of claims pursuant to Rule 8, her allegations fail to support responsibility against any of the individually named Defendants, and further her allegations fail to support that venue is proper in this court. Thus, I am obliged to conclude that her Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For these reasons, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint

consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.[1]

                                                Respectfully submitted on this
                                                21st day of October 2009.

                                                THOMAS B. McCOUN III
                                                UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

       Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
*Pro se* Plaintiff

---

[1] A brochure from the Federal Bar Association Pro Bono Civil Litigation Project is appended to this Report and Recommendation. Plaintiff may wish to seek the assistance of an attorney through this program or elsewhere before again filing papers with this court.