**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WANDA HUNT,**

      **Plaintiff,**

**v.**                                            **Case No. 8:09-cv-1922-T-27TBM**

**MORTGAGE ELECTRONIC
REGISTRATION SERVICES, INC., et al.,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is again before the court on the *pro se* Plaintiff's **Application to Proceed Without Prepayment of Fees and Affidavit** (Doc. 9) and **Affidavit of Indigency** (Doc. 11),[1] which the court construes as motions to proceed *in forma pauperis*. While Plaintiff's affidavits reflect that she lacks the resources necessary to pay the filing fee for this action, I recommend denial of the motions.

Upon my review of the Amended Complaint, as to the Defendant, Mortgage Electronic Registration System, Inc. Nominee for Household Finance Corp. II now known as HSBC Mortgage Services ("HSBC") and its current and former employees, Plaintiff's Amended Complaint is frivolous because it reasserts claims previously litigated and claims which could have and should have been litigated in one or more of the multiple lawsuits she

---

[1] Because Plaintiff's application indicated that she was receiving a monthly unemployment check but failed to reflect her expenses, the court directed Plaintiff to file an Affidavit of Indigency which would detail her expenses. *See* (Doc. 10).

has filed arising from the foreclosure of her South Carolina home. Thus, *res judicata* (and perhaps collateral estoppel) bar her claims against those Defendants. As to the Defendant, Bank of America, N.A., Plaintiff's Amended Complaint fails to state a claim.

I.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when a petitioner "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)), or the "[petitioner's] realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the well-pleaded factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must

follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Dismissal, pursuant to 28 U.S.C. § 1915, on the basis of frivolousness is appropriate if the court recognizes that an affirmative defense would defeat an action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990). "*Res judicata* and collateral estoppel are [] affirmative defenses which justify dismissal of a claim as frivolous." *Id.* at 641, n.2 (citing *Patterson v. Aiken*, 628 F. Supp. 1068, 1076 (N.D. Ga. 1985); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989)). The *Wilson* court explained that IFP complaints may be dismissed as frivolous where they seek to "relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson*, 878 F.2d at 850.[2]

## II.

By way of procedural background, Plaintiff, Wanda Hunt, initially filed a multi-count Complaint arising out of the foreclosure of her South Carolina home wherein she named several corporate Defendants,[3] and several Defendants both in their individual capacity and as

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]The corporate Defendants initially sued were Mortgage Electronic Registration System, Inc.; Nominee for Household Finance Corp. II now known as HSBC Mortgage Services; Bank of America, N.A., and Chicago Title Insurance Co. Plaintiff's Amended Complaint does not include Chicago Title Insurance Co. as a Defendant.

employees of HSBC,[4] together with Kim Perez, Jim Sanford, and Richard Healy, in their individual capacities. The Complaint purported to allege causes of action against the Defendants for failure to file an assignment of mortgage, violation of "Real Estate Settlement Procedures Act," violation of the Fair Debt Collections Practices Act, violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, negligent and intentional infliction of emotional distress, and breach of fiduciary duty. *See* (Doc. 1). The court adopted the undersigned's recommendation that Plaintiff's Complaint be dismissed. (Docs. 4, 5). In allowing the Plaintiff to file an Amended Complaint, the court directed that same be done within twenty days; the Amended Complaint include a short and plain statement of her claims; she clearly indicate the Defendants against whom each claim is being asserted with a brief description of the events upon which each claim is based; she allege a brief description of what each Defendant did or failed to do and how each act or omission injured Plaintiff; and she provide a brief statement of the basis for personal jurisdiction over each Defendant. The court further directed that the Amended Complaint specify the requirements and subsections violated for each statutory cause of action, as well as the basis for subject matter jurisdiction and facts supporting venue in the Middle District of Florida.[5] *See* (Doc. 5 at 4). Additionally, the court required Plaintiff to attach to her Amended Complaint an exhibit identifying the

---

[4]Those sued both individually and as employees of HSBC include Robert T. Jones, John Thompson, Scott Whitney, and Dana St. Clair.

[5]In an effort to cure the deficiencies in her prior pleadings regarding venue, Plaintiff now alleges that the corporate Defendants do business in the State of Florida, with HSBC being located in Brandon, Florida, and the individual Defendants being residents of the State of Florida. *See* (Doc. 8, ¶¶ 4-10, 14).

4

style, date of filing, and docket number of every state and federal lawsuit relating to the foreclosure of Plaintiff's home, including the status of each such proceeding. *Id.* at 5.

In her Amended Complaint, Plaintiff again attempts to allege various causes of action against Bank of America, N.A., HSBC Mortgage Services, and five current or former employees of HSBC, individually and as employees or former employees of HSBC, arising out of the foreclosure of her South Carolina home.[6] (Doc. 8). She pleads that mortgage payments were made by her to HSBC in the amount of $10,164.00 on February 4, 2005, and for $1,700.00 on February 11, 2005, which payments were received but never credited to her mortgage account 7662752 by HSBC employees. *Id.*, ¶¶ 15-19. She alleges that an original Forbearance Agreement was sent to HSBC on February 16, 2005; that it was received by HSBC the next day; and on February 18, 2005, HSBC sent her a letter indicating her account was "Paid in Full." *Id.*, ¶¶ 20-22. She alleges that she re-submitted a check for $10,164.00 on February 25, 2005, which check was deposited by HSBC with Defendant Bank of America. *Id.,* ¶¶ 23-24. She states that during the process of the foreclosure on her home, HSBC never recorded its assignment. *Id.*, ¶25.

Additionally, Plaintiff identifies at least three other lawsuits involving HSBC, its predecessor, and HSBC's employee Robert Jones arising out of the foreclosure of her home.[7]

---

[6] Although named in the initial complaint, Richard Healy, Jim Sanford, and Chicago Title Insurance Co. are not sued under the Amended Complaint.

[7] There was apparently the original foreclosure action in South Carolina state court, Case No. 2004-CP-23-4698; South Carolina state court action, Case No: 2006-CP-23-8216; and South Carolina state court action, Case No: 2009-CP-23-4299. *See* (Docs. 8, ¶27; 8-1 at 2, 4). While Plaintiff pleads that "none of the previous cases deal with the same Causes of Action that are listed in this Case," it is apparent from a review of Plaintiff's Amended

5

Each of the six counts of the Amended Complaint appear to be directed against the Defendant HSBC and one or more of its employees. She sues for failing to file an assignment of mortgage, violation of RESPA,[8] violation of the Fair Debt Collections Practices Act,[9] civil RICO, negligent and intentional infliction of emotional distress, and breach of fiduciary duty.

---

Complaint and the documents attached to the Amended Complaint that the cases arise from the same nucleus of facts alleged in the instant action. Although not specifically identified by Plaintiff, the court is aware of at least two other actions involving this Plaintiff related to foreclosure of her home. *See, e.g., Hunt v. Mortgage Elec. Registration,* 522 F. Supp. 2d 749 (D. S.C. 2007); *Mortgage Elec. Registration Sys., Inc. v. Hunt,* No. 6:07-1763-HMH-BHH, 2007 WL 2220403 (D. S.C. July 30, 2007).

[8]Without reference to any specific provision under RESPA, Plaintiff makes vague reference to "Section 6." There are three private causes of action that can be raised under RESPA. *See* 12 U.S.C. § 2614. These actions arise under §§ 2605, 2607 and 2608. Section 2605 governs the servicing of mortgage loans and the administration of escrow accounts. Section 2607 of Title 12 concerns the prohibition against kickbacks and unearned fees, and § 2608 of Title 12 concerns the liability of the seller with respect to requiring title insurance to be purchased from any particular title insurance company. For violations of §§ 2607 and 2608, there is a one-year statute of limitations that has been exceeded in this case. *See* 12 U.S.C. § 2614. As for a cause of action under § 2605, there is a three-year statute of limitations, which is arguably expired in light of Plaintiff's reference to HSBC's filing of a *lis pendens* on July 24, 2004. *Id.* Even if Plaintiff could allege facts sufficient to state a cause of action under any of these provisions, these claims should have been brought in the prior lawsuits.

[9]In order to state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, a plaintiff must demonstrate that "the Defendant is a debt collector and that it engaged in an act prohibited by the FDCPA in attempting to collect on the debt." *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, . . . and to protect consumers from debt collection abuses." *See* 15 U.S.C. § 1692(e); *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) (*per curiam*). By Plaintiff's allegations, HSBC is a mortgage services company. Plaintiff fails to allege facts sufficient to establish that HSBC is a "debt collector," which is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of debts*." 15 U.S.C. § 1692a. (emphasis added).

The gravamen of her allegations are that monies she paid toward satisfying her mortgage were not credited toward same and were instead embezzled or stolen by HSBC and/or its employees, thus resulting in foreclosure of her home. Despite her conclusory allegations that none of the causes of action in this suit have been previously raised, the attachments to her complaint and her allegations in ¶27 regarding her prior lawsuits demonstrate to the contrary. *See* (Doc. 8-1 at 2) (affidavit in state court action identifying payments received and returned to Plaintiff related to Loan 7662752); (Doc. 8-1 at 15) (transcript from state court proceedings discussing history of lawsuits arising out of foreclosure of Plaintiff's house).[10] Thus, it plainly appears that the same complaints Plaintiff seeks to raise in her Amended Complaint against HSBC have previously been litigated. *See Hunt*, 522 F. Supp. 2d at 751. Because her Amended Complaint alleges substantially the same facts arising from a common series of events which have already been unsuccessfully litigated, dismissal of the Amended Complaint against HSBC and its employees is warranted. *See Wilson*, 878 F.2d at 850; *see also Bd. of Trustees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (explaining that claim preclusion "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding").[11]

---

[10]*See also Hunt,* 522 F. Supp. 2d 749 (D. S.C. 2007) (dismissing Plaintiff's complaint against mortgage service company and its employee for allegedly violating forbearance agreement, stealing her money paid toward agreement, and foreclosing on her home under false pretenses).

[11]Generally, "*res judicata*" refers to claim preclusion whereas "collateral estoppel" refers to issue preclusion. *See Hart v. Yamaha-Parts*, 787 F.2d 1468, 1470, 1473 (11th Cir. 1986). The doctrine of *res judicata* serves as a bar to a later lawsuit if four elements are present: (1) a final judgment on the merits rendered in the previous suit; (2) the judgment was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are

With regard to Defendant Bank of America, the only count of the Amended Complaint that even makes reference to that Defendant is Count IV (RICO), wherein Plaintiff alleges that her "money was embezzled through an account number 3761807355 held by Defendant Bank of America and Plaintiff lost her house as a result." (Doc. 8, ¶39). Plaintiff makes no allegation of any improper or wrongful conduct by Bank of America. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff sets forth no factual allegations against Bank of America to show she is entitled to any relief against this Defendant. Plaintiff's initial complaint was dismissed for failing to state a claim against this Defendant. In allowing Plaintiff to amend, the district judge gave direction to the Plaintiff to set forth with specificity the statutory provisions allegedly violated by Defendants. Although given the opportunity to amend to attempt cure the deficiencies in her pleadings, Plaintiff adds no new allegations establishing a cause of action against Bank of America, and thus I recommend dismissal with prejudice against this Defendant as well.

III.

For the reasons set forth above, I recommend that the court **DENY** Plaintiff's construed motions to proceed *in forma pauperis* (Docs. 9, 11) and **DISMISS with prejudice**

---

identical in both cases; and (4) the same cause of action is involved in both cases. *Id.* at 1470.

the Amended Complaint (Doc. 8). It is further recommended that the court direct the Clerk to close the case.

> Respectfully submitted on this
> 2nd day of June 2010.

*(signature)*
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
*Pro se* Plaintiff